# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRETT EUGENE MONROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-193-JHP-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Brett Eugene Monroe (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 21, 1974 and was 38 years old at the time of the ALJ's decision. Claimant completed his high school education and some vocational training. Claimant has worked in the past as a truck and dump truck driver, floor worker, driller, and job motor hand. Claimant alleges an inability to work beginning August 1, 2010 due to limitations resulting from diabetes,

hypertension, and neck and back pain.

**Procedural History**

On April 19, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 29, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Bernard Porter in McAlester, Oklahoma. On March 12, 2013, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the decision on March 22, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a range of light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of a consultative physician; and (2) reaching an RFC determination which was legally insufficient and

4

not supported by substantial evidence.

**Evaluation of the Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes with neuropathy, diabetic retinopathy, hypertension, lumbar strain/sprain, and major depression. (Tr. 22). The ALJ also found Claimant retained the RFC to perform a range of light work. In so doing, the ALJ determined Claimant could occasionally lift/carry and push/pull 20 pounds and frequently lift/carry and push/pull 10 pounds and could stand, walk, and sit for six hours in an eight hour workday but required a sit/stand option allowing for a change of position every 30 minutes. Claimant was found to never be able to climb ladders, scaffolds, or crawl. He should never work around unprotected heights or moving mechanical parts or be exposed to any temperature extremes. Claimant was unable to read very small print but could read ordinary newspaper or programs. Due to psychologically based factors, the ALJ limited Claimant to routine and repetitive tasks with occasional interaction with supervisors and co-workers but no interaction with the public. The ALJ found that time off tasks would be accommodated by normal breaks. (Tr. 25). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of housekeeping

cleaner, small products assembler, and hospital products assembler/sutures packaging, which he found to exist in sufficient numbers in the regional and national economies. (Tr. 35). As a result, the ALJ found Claimant was not disabled from August 1, 2010 through the date of the decision. (Tr. 36).

Claimant contends the ALJ failed to properly evaluate the opinion of the consultative psychiatrist, Dr. Shalom Palacio-Hollmon. On August 6, 2011, Dr. Palacio-Hollmon performed a mental status examination of Claimant. He diagnosed Claimant with Major Depressive Disorder with psychotic features. His symptoms started with the death of his uncle and became progressively worse with suicidal ideation and inpatient hospitalization. Claimant reported auditory hallucinations and dissociative episodes. He also reported depressive moods, distractibility, impaired memory, and blackouts. (Tr. 370). Dr. Palacio-Hollmon concluded Claimant's substantial disorder of mood grossly impaired his ability to meet the demands of life. He found Claimant to be "gravely disabled" and unable to care for himself. Claimant's overall adjustment to stress was poor and Dr. Palacio-Hollmon found Claimant would likely decompensate with increased demands. He recommended counseling and medications. Claimant's ability to deal with the public and to interact with supervisors and co-workers would be limited by his

6

distractibility, blackouts, and dissociative symptoms. Dr. Palacio-Hollmon found Claimant had the ability to understand, remember, and carry out both simple and complex instructions in an environment with structure, supervision, and support. However, he also found Claimant was unlikely to be able to meet the demands of the work environment. (Tr. 371).

The ALJ rejected Dr. Palacio-Hollmon's opinion in totality. He found he was not bound by the physician's opinion on the question of whether Claimant was disabled. The ALJ also concluded that Dr. Palacio-Hollmon's opinion was not supported by the findings in the doctor's own report from the mental status examination. He found Claimant stated the medication he was prescribed was helping, he was able to care for himself and his disabled son, engaged in daily living activities, and Dr. Palacio-Hollmon erroneously found Claimant suffered side effects from his medication. As a result, the ALJ rejected Dr. Palacio-Hollmon's conclusion that Claimant was "gravely disabled." (Tr. 33-34).

The ALJ did not discuss Dr. Palacio-Hollmon's poor overall adjustment to stress and would likely decompensate with increased demands. (Tr. 371). The evidence indicated Claimant decompensated twice in the past with suicidal ideations requiring inpatient psychiatric hospitalizations. (Tr. 319, 321, 323, 328-29, 337,

7

496, 509-10, 514).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. <u>Id</u>. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ should have discussed Claimant's poor stress handling in his decision given the supporting evidence in the record.

Additionally, the ALJ's basis for rejecting Dr. Palacio-Hollmon's decision was suspect. His daily activities were demonstrated to be substantially limited periodically, depending upon the severity of his condition. (Tr. 61, 185-88, 213-16, 369). The evidence supporting medicinal side effects also appears in the record. (Tr. 190, 219, 340, 368, 420). Thus, the basis for rejecting this physician's opinion is questionable and unsupported. In addition to suicidal ideations, Claimant has experienced homicidal ideations when faced with conflicts and stresses. (Tr. 360, 363, 370, 390, 420, 434-35, 440). Dr. Palacio-Hollmon's

opinion that Claimant had poor stress tolerance should be addressed by the ALJ on remand.

### RFC Determination

Claimant suggests the ALJ should have included Dr. Palacio-Hollmon's limitations in his RFC assessment. He also contends the ALJ should have found Claimant's activities of daily living to be sporadic. Given this Court's ruling on Dr. Palacio-Hollmon's opinion, the ALJ should reassess his RFC findings after considering further the weight given to the mental health findings of Dr. Palacio-Hollmon. In addition, the ALJ should reconsider the extent of Claimant's mental illness. Considerable evidence exists in this record to indicate significant restrictions in his ability to function in the workplace due to his mental health issues.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE